# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TYKEYMA VENEY

## DEFENDANTS
ALLIED INTERSTATE, LLC

**(b)** County of Residence of First Listed Plaintiff ___LEHIGH___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., and Theodore E. Lorenz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: FDCPA, 15 U.S.C. § 1692

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/20/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| TYKEYMA VENEY | : | CIVIL ACTION |
| V. | : | |
| ALLIED INTERSTATE, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)     Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     (     )

(b)     Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits     (     )

(c)     Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( X )

(d)     Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     (     )

(e)     Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)     (     )

(f)     Standard Management – Cases that do not fall into any one of the other tracks.     (     )

_8/20/14_                   _[signature]_                        ANDREW M. MILZ
**Date**                     **Attorney at Law**                    **Attorney for Plaintiff**

(610) 822-0782          (610) 667-0552                          AMILZ@consumerslaw.com
**Telephone**            **Fax Number**                            **E-Mail Address**
(Civ.660) 10/02

UNITED STATES DISTRICT COURT   APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 3 Maryland Circle, Apt. 123, Whitehall, PA 18052

Address of Defendant: 335 Madison Avenue, New York, NY 10017

Place of Accident, Incident or Transaction: 3 Maryland Circle, Apt. 123, Whitehall, PA 18052
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FDCPA, 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: _____   _____   _____
                         Attorney-at-Law      Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/20/14   _____   207715
                Attorney-at-Law   Attorney I.D.

CIV.609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYKEYMA VENEY<br>3 Maryland Circle, Apt. 123<br>Whitehall, PA 18052,<br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ALLIED INTERSTATE, LLC<br>335 Madison Avenue<br>New York, NY 10017<br>　　　　　　　　　Defendant. | CIVIL ACTION<br><br><br>NO. |

## COMPLAINT

### I.　INTRODUCTION

1.　This is a consumer action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

2.　Defendant debt collector has sent a collection notice to Plaintiff that deceptively failed to disclose that interest would continue to accrue on the unpaid balance.

3.　Defendant has violated the FDCPA by using false, deceptive or misleading representations in the collection of consumer debt.

### II.　JURISDICTION

4.　Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

1

5.   *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district.

### III.   PARTIES

6.   Plaintiff Tykeyma Veney is a consumer who resides in Whitehall, Pennsylvania at the address captioned above.

7.   Defendant Allied Interstate, LLC ("Allied" or "Defendant") is a domestic limited liability company with an office for the regular transaction of business as captioned.

8.   Allied regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

9.   Allied regularly engages in business in the Eastern District of Pennsylvania.

10.   Allied is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

### IV.   STATEMENT OF CLAIM

11.   On September 9, 2013, Defendant sent Plaintiff a communication in connection with an old consumer debt allegedly due LVNV Funding, LLC. (*See* correspondence from Allied attached hereto as Exhibit "A", redacted per Fed. R. Civ. Pro. 5.2).

12.   Defendant's September 9, 2013 letter contained the statement: "Amount Owed: $489.10". The letter does not state the date on which the amount allegedly owed is calculated, and does not explain that interest would continue to accrue on unpaid principal.

13.   Defendant's September 9, 2013 letter could reasonably be read to have two different meanings, one of which is inaccurate. The letter could have meant that accruing interest and the total amount owed were calculated on the date the letter was written.

2

14. Alternatively, the letter could have meant that the amount of the debt was static and that no interest or other fees were accruing on the account. Under such an interpretation, payment of the claimed amount would satisfy the debt in full, irrespective of when the payment was made.

15. The claimed amount owed continued to increase after the date of the letter. Thus, the interpretation of the letter that the account was static, and that no other interest or fees were accruing, was misleading. *See Lukawski v. Client Services*, 2013 WL 4647482 (M.D. Pa. Aug. 29, 2013) (granting summary judgment to consumer for this violation under § 1692e).

16. The FDCPA prohibits debt collectors from using false, deceptive or misleading means in an attempt to collect a debt alleged due, including misrepresenting the character, status, or amount of the alleged debt. 15 U.S.C. §1692e, §1692e(2), and §1692e(10).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

18. Defendant violated the FDCPA by sending the September 9, 2013 collection notice to Plaintiff which:

    a. Makes false, deceptive, or misleading representations or statements in connection with the collection of consumer debt, 15 U.S.C. § 1692e;

    b. Misrepresents the character, status, or amount of the alleged debt, 15 U.S.C. § 1692e(2); and

    c. Engages in false representation and deceptive means to collect a consumer debt, 15 U.S.C. §1692e(10).

**WHEREFORE**, Plaintiff Tykeyma Veney demands judgment against Defendant Allied Interstate, LLC for:

(a) Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 8/20/14

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**FLITTER LORENZ P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782

4

# EXHIBIT "A"



866-465-3710

September 09, 2013

Tykeyma K Veney
3 Maryland Cir Apt 123
Whitehall, PA 18052-6336

    Re:    HSBC Bank Nevada, N.A.  Account No. ************1910
            Amount Owed: $489.10
            Current Creditor: LVNV Funding LLC Account No. *****9426
            Reference No.: ████████9659

Tykeyma K Veney:

We are a debt collection company and our client, Resurgent Capital Services LP, has retained us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Our client is willing to accept payment in the amount of $244.55 in settlement of this debt. You can take advantage of this settlement offer if we receive your payment, or you make other mutually acceptable payment arrangements, within 30 days from the date of this letter. We reserve the right to extend this or a different settlement offer to you in the future.

To make a payment, please telephone us at 866-465-3710 or mail your payment using the coupon on the reverse side of this letter. We process checks electronically and your checking account will be debited on the day we receive your payment. Your check will not be returned.

We look forward to receiving your payment.

Sincerely,

*Allied Interstate LLC*

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

7525 West Campus Road, New Albany, OH
(Do not send payments or correspondence to this address)

Federal and state laws prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 4000, Warrenton, VA 20188, email us at advocacygroup@allied-interstate.com, or call us toll-free at 800-811-4214 between 9:00 A.M. Central Time and 5:00 P.M. Central Time Monday – Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.

---

RETURN MAIL ONLY
P.O. Box 1954
Southgate, MI 48195-0954

(Detach and return with payment)

96591

4026-0002375

Tykeyma K Veney
3 Maryland Cir Apt 123
Whitehall PA 18052-6336

Allied Interstate LLC
P.O. Box 4000
Warrenton, VA 20188

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | |

**Information We May Collect** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act and applicable state law.

